UNITED STATES of America, Plaintiff,

v.

Gregory STOREY, Defendant.

Criminal Action No. 96–40018–01–DES.

United States District Court,
D. Kansas.

April 8, 1997.

Charles M. Rogers, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, Thomas J. Bath, Jr., Bath Law Offices, P.A., Overland Park, KS, for defendant.

Thomas G. Luedke, Robin D. Fowler, Office of U.S. Atty., Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on Government's Motion for Protective Order (Doc. 186).

Mr. Storey filed a Motion for Disclosure of Exculpatory, Favorable and Impeaching Evidence, in which he specifically requested all of the Bureau of Prisons' ("BOP") files regarding the Aryan Brotherhood ("AB") gang at the United States Penitentiary in Leavenworth, Kansas. The defendant submitted that the requested documents would establish that he is not a member of the AB by virtue of the fact that he is not named in them. The court directed the government in an order dated February 24, 1997, to disclose any such "negative exculpatory" material. The court also acknowledged, however, the government's concern that disclosure of all prison files on the AB could result in violence to inmates who had provided information concerning the organization, and set forth several alternative means by which the government could comply with the court's order.

The court stated that the government could seek authorization from the court to delete specified items from the documents, to substitute a summary of the information found in the documents, or to substitute a statement admitting relevant facts that the information would tend to prove, e.g., that the defendant's name is not found in these files.

At the hearing held in this case on March 11, 1997, the government sought and received permission to provide Mr. Storey with a statement to the effect that its undisclosed Leavenworth AB files do not reflect the involvement of the defendant with the AB. The court directed the United States to provide the defendant with such a statement by March 19, 1997, and stated that the defendant would have until March 26, 1997, to file any motions attacking the adequacy of the government's stipulation. The government filed the instant motion on March 18, 1997.

Fed.R.Crim.P. 16(d)(1) provides that "[u]pon a sufficient showing the court may at any time order that ... discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate." Such orders are appropriate where there is reason to believe that a person would be subject to physical harm if his identity is revealed. Fed.R.Crim.P. 16 advisory committee notes on 1974 amendment. Whether to enter an order pursuant to Rule 16(d)(1) is within the trial court's discretion. *United States v. Delia,* 944 F.2d 1010, 1018 (2d Cir. 1991).

The government asks the court to allow it to provide Mr. Storey with a statement from the custodian of the Leavenworth AB files indicating that operative documents have been searched and that all information related to the defendant has been provided. The United States submits that the material the defendant requests is voluminous and would need to be extracted from approximately seven six-drawer filing cabinets containing files on gang-related incidents dating back to 1964. The government also argues that disclosure of the requested materials would reveal the names of informants, thereby jeopardizing the informants' safety, and would reveal the BOP's information gathering techniques, which would hamper the BOP's ability to obtain reliable information in the future.

Mr. Storey responds that the proffered stipulation would be insufficient to protect his constitutional rights. He maintains that he is entitled to a stipulation as to: (1) the exact quantity of documents in the possession of the BOP at Leavenworth relating to the AB; (2) the number of individuals identified in those documents as suspected or confirmed members of the AB; (3) an accurate statement as to the average number of times each confirmed member of the AB is mentioned in such documents; and (4) a statement as to the general nature of the information contained in such documents. The defendant contends that only if there is sufficient detail to persuade the jury as to the extent of the records maintained by the BOP does the failure of those records to identify him as a member of the AB become probative of his non-membership.

The defendant also asserts that "under the authorities of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); and *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)," he is entitled to discovery of all information in the Leavenworth AB files pertaining to (1) individuals the government intends to call as witnesses; (2) individuals the government contends are somehow involved in the offense for which Mr. Storey is charged, including but not limited to unindicted co-conspirators; and (3) documents prepared by correctional officers or law enforcement personnel the government intends to call as witnesses. The defendant submits that this information is essential for him to be able to effectively cross-examine the government's witnesses and to refute the government's conspiracy charge.

As for Mr. Storey's demand for discovery concerning other individuals, the court believes that this request has already been addressed by our February 24, 1997, order. The court directed the United States to provide the defendant with all *Jencks* statements, and all promises of immunity or le-

niency made to witnesses, seven days before trial. The court also directed the government to disclose all exculpatory material, including information which may be used to impeach its witnesses. The defendant fails to show, under any of the cases he cites, that he is entitled to anything further.

The court agrees, however, that the government's proffered stipulation might be insufficient to permit Mr. Storey to argue the significance of the fact that he is not mentioned in the AB files. The court therefore directs the government to provide the defendant with a statement from the AB record custodian containing the following information: (1) the approximate number of documents in the possession of the BOP at Leavenworth relating to the AB; (2) whether the operative documents contain any information related to the defendant; and (3) the number of individuals identified in those documents as suspected or confirmed members of the AB.

**IT IS THEREFORE BY THE COURT ORDERED** that the government's motion (Doc. 186) is granted as modified.